**TOWN OF RED CLIFF, a municipal corporation, Petitioner–Appellant,**

v.

**Garland W. REIDER and Deann C. Quintana, Respondents-Appellees.**

**No. 92CA0474.**

Colorado Court of Appeals, Div. III.

March 11, 1993.

Dunn, Abplanalp & Christensen, P.C., Allen C. Christensen, Vail, for petitioner-appellant.

Fredric B. Butler, Eagle, for respondents-appellees.

Opinion by Judge CRISWELL.

The Town of Red Cliff (Town), as the condemning authority, appeals from the judgment entered on a jury verdict awarding the landowners, Garland W. Reider and Deann C. Quintana, $20,225 as the value of 2 1/2 lots taken by the Town through exercise of its power of eminent domain. Finding no error in the proceedings, we affirm.

## I.

The Town first argues that the trial court erred in granting the landowners a jury trial, rather than a trial before a commission of freeholders, because the jury demand was not accompanied by the appropriate fees. We disagree.

The Town elected to initiate these eminent domain proceedings pursuant to the

general eminent domain statute, § 38–1–102, et seq., C.R.S. (1992 Cum. Supp.). That statute implements the pertinent constitutional provision, Colo. Const. art. II, § 15, by authorizing the landowner to have the value of the property taken or damaged determined either by a commission of freeholders, § 38–1–105(1), C.R.S. (1992 Cum. Supp.), or by a jury of freeholders, § 38–1–106, C.R.S. (1982 Repl.Vol. 16A).

Section 38–1–106 authorizes the demand for jury trial to be made at any time before a commission is appointed and before the time for the landowner to appear and answer. The statute provides that the jury shall consist of six members, unless a larger number is requested, but in no event shall there be more than twelve jurors. It also provides that:

> Any party so demanding a larger number than six jurors shall advance the fees *for such additional jurors* for one day's service according to the rate allowed jurors in the district court. (emphasis supplied)

Thus, under this statutory provision, a landowner need not advance any fees if a six-person jury is requested. It is only if more than six are requested that any fees must be advanced, and then the only fees required are those for the number of jurors beyond the initial six.

This statutory provision is in contrast to C.R.C.P. 38, which governs the procedure for demanding a jury trial in most civil actions. That rule states that the party demanding a jury "shall pay the requisite jury fee upon the filing of the demand." C.R.C.P. 38(b). Further, C.R.C.P. 38(e) expressly provides that:

> The failure of a party to file and serve a demand for trial by jury *and simultaneously pay the requisite fee* as required by this Rule constitutes a waiver of that party's right to trial by jury. (emphasis supplied)

Here, at the time that the landowners filed their response to the Town's petition, they included a request for a jury of twelve. While it is conceded that the demand was timely, it is also conceded that such demand was not accompanied by any fees.

Nevertheless, at the time of the hearing on the Town's request for immediate possession, the court entered an order, granting possession of the property to the Town, requiring the Town to deposit $5,000 with the registry of the court, and setting a trial before a jury of twelve. The Town raised no objection to a jury trial at that time.

Later still, the parties attended a pre-trial conference, and a pre-trial order was entered. This order noted that the cause was set for a jury trial about one month later. The record contains no indication that the Town raised any objection to this setting.

However, less than three weeks prior to the date set for the commencement of the trial, the Town filed a written objection to the landowners' jury demand. It asserted that, because the landowners had failed to tender fees pursuant to C.R.C.P. 38, they had waived the right to a trial by jury. The court held, however, that, while the landowners had waived their right to a jury of twelve by not tendering fees, they had not waived their statutory right to a trial by a six-person jury.

We conclude that the court committed no error in so ruling.

"Eminent domain proceedings are special statutory proceedings and are to be conducted strictly according to the procedures set out in the eminent domain statute." *Ossman v. Mountain States Telephone & Telegraph Co.*, 184 Colo. 360, 366, 520 P.2d 738, 742 (1974). Hence, to the extent that the statutory procedures differ from the procedures under the civil rules, the statute, not the rules, govern. C.R.C.P. 81.

■ Section 38–1–106 specifically authorizes a demand for a jury of six freeholders without the advance payment of any juror's fees. In addition, this statute, unlike C.R.C.P. 38, does not contain any express provision equating a failure to pay fees with a waiver of the right to trial by jury. And, because there is a *constitutional* right to a jury trial in eminent domain proceedings, Colo. Const. art. II, § 15,

which does not exist in the ordinary civil case, *Federal Lumber Co. v. Wheeler*, 643 P.2d 31 (Colo.1981), we should not lightly imply a waiver of such right.

Here, the jury demand was made in a timely fashion, and no advance of fees was required for a six-person jury; it was only because of the landowners' demand for twelve jurors that § 38-1-106 required a fee. Hence, while it might be concluded that a failure to advance fees constituted a waiver of a twelve-person jury, it could not be taken as a waiver of a six-person jury. And, if the landowners were willing to try their case to such a jury, having timely made a request for a jury trial, the Town had no basis to complain.

## II.

■ We also disagree with the Town's assertion that the trial court abused its discretion in allowing one of the landowners, Garland Willard Reider, to express the opinion that a large boulder on the property could be removed by drilling holes in it, pouring water into those holes and other cracks, and allowing the natural process of freezing and expansion of the water to break up the boulder.

CRE 702 authorizes the receipt of an opinion or other testimony by a witness who is qualified as an expert by knowledge, skill, experience, training, or education, if that expert's knowledge will assist the trier of fact in understanding the testimony or determining a fact in issue.

■ Under this rule, a trial court has broad discretion to determine the qualifications and competency of a witness to express an opinion as an expert. And, the trial court's determination upon these questions will not be disturbed unless there is a clear showing of abuse of discretion. *People v. Williams*, 790 P.2d 796 (Colo.1990).

Here, the witness testified that he had engaged in the excavation business for a number of years in which business he had removed numerous rocks and boulders. He further testified that he had broken down several large rocks by using the process that he described to the jury.

■ Given this demonstration of specialized knowledge, we cannot say that this witness' opinion upon the subject could not be helpful to the jury, which is the ultimate question to be considered under CRE 702. *People v. Williams, supra.* Further, the fact that the witness gained his knowledge through his experience working under the supervision of others does not render the witness unqualified. Hence, we cannot say that the Town has made a clear showing that the trial court abused its discretion in allowing the challenged testimony.

## III.

■ Finally, the Town asks us to conclude that the verdict returned by the jury here was the result of prejudice and sympathy. Based on the record before us, such a conclusion would be unwarranted.

It is true that the Town's expert testified that the value of the unimproved lots taken was only $5,000.

However, one of the owners, who demonstrated a familiarity with property within the neighborhood of the lots, testified, without objection, that they were worth $35,000.

In addition, an appraiser with the Eagle County Assessor's office testified, again without objection, that in 1991 he had concluded that the property had a fair market value of some $21,750 but later, at the landowners' request, had adjusted its value for tax purposes to approximately $10,900.

Hence, the evaluation testimony ranged from a low of $5,000 to a high of $35,000. And, the verdict of $20,500, being well within this range, is certainly not reflective on its face of any juror prejudice or sympathy. *See Denver v. Quick*, 108 Colo. 111, 113 P.2d 999 (1941).

Further, we reject the Town's claim that the landowners' counsel engaged in egregious conduct aimed at producing sympathy for the landowners. While we agree that some of counsel's comments should not have been made, we determine that none of them, either singly or together,

constitute a sufficient basis for setting aside the verdict.

Judgment affirmed.

NEY and HODGES *, JJ., concur.